# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

MILANYELA GIL,                                              CASE NO.: 2022-CA-003192-O

       Plaintiff,

vs.

WAL-MART ASSOCIATES, INC,
A Foreign For Profit Corporation,

       Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**                WAL-MART ASSOCIATES, INC

                    **Through its Registered Agent:**
                    C T CORPORATION SYSTEM
                    1200 SOUTH PINE ISLAND ROAD
                    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                ANTHONY M. GEORGES-PIERRE, ESQ.
                REMER & GEORGES-PIERRE, PLLC.
                44 WEST FLAGLER STREETSUITE 2200
                MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Tiffany Moore Russell      04.22.2022
_____
CLERK                      DATE

/s/ Grace Katherine Uy
_____
(BY) DEPUTY CLERK



Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

1

IN THE CIRCUIT COURT OF THE
9th JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

MILANYELA GIL,

      Plaintiff,

vs.

WAL-MART ASSOCIATES, INC.,

      Defendant.

_____/

## COMPLAINT

The Plaintiff, Milanyela Gil (hereinafter "Plaintiff"), by and through the undersigned counsel,
hereby sues Defendant, Wal-Mart Associates, Inc. (hereinafter "Defendant" or "employer"),
alleging violations of the Florida Civil Rights Act and hereby challenges Defendant's continuing
policy, pattern and practice of discrimination against Plaintiff's protective class with respect to
performance evaluations, pay, promotions, and other terms and conditions of employment.
Defendant has implemented these policies and practices despite knowing that they have a
longstanding disparate impact on Plaintiff and similarly situated persons in Plaintiff's protected
class. Defendant also retaliates against Plaintiff and similarly situated persons in Plaintiff's
protected class and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

2. Plaintiff is a female, she was and continues to be, a resident of Orange County, Florida; and was an employee of Defendant, performing duties as a qualified personnel for the Defendant, within a company operated business facility, located in Florida.

3. Defendant, is a for-profit corporation, duly authorized to conduct business in the State of Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. Venue is proper in Orange County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Nineth Judicial Circuit, In and for Orange County, Florida.

7. Plaintiff has exhausted its administrative remedies by filing a timely charge with the appropriate agency.

8. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

9.  The EEOC outlined to the Defendant employer the reasonable cause for its belief that the Defendant employer is in violation of the act.

10. The EEOC offered the Defendant employer an opportunity for voluntary compliance.

11. The EEOC attempted conciliation with the Defendant employer.

12. Pursuant to Florida Statute Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

13. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

14. Plaintiff was discriminated against by Defendant employer based on her national origin.

15. Plaintiff is of Columbian national origin Hispanic female and began working for the Defendant on or about September 2016 as a cashier.

16. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven herself an exceptional and professional employee. Plaintiff performed his job well.

17. During the relevant time period, Plaintiff was subjected to retaliatory and different terms and conditions of employment because of her national origin.

18. Plaintiff was terminated on or about January 28, 2021 due to her national origin.

19. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon her national origin. Furthermore, Plaintiff was retaliated due to the exercise of their legal rights.

20. Even though Plaintiff followed employer's proscribed methods for reporting discrimination, Defendant failed to conduct a contemporaneous investigation into the serious issues raised by Plaintiff or make Defendant's human resources department aware of Plaintiff's concerns such that corrective and/or remedial action could be taken. As a result, Defendant never followed up with Plaintiff about the steps that were being taken to address Plaintiff's concerns, as there were none.

21. Inter alia what led to Plaintiff's termination was Plaintiff's refusal to remain silent in the face of a toxic culture that included discriminatory comments, discriminatory acts against protected class.

22. Plaintiff was subjected to repeated discriminatory slurs and terminated for complaining about the violation of his protected class rights.

23. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

24. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

25. Plaintiff is informed and believes and thereon alleges that pursuant to the Florida Civil Rights Act, it is unlawful to harass employees based on their statutory protected class, and that employers must take all reasonable steps to prevent harassment from occurring. Plaintiff is further informed and believes and thereon alleges that the FCRA holds employers strictly liable for harassment by Plaintiff's direct supervisor or any other manager.

26. Plaintiff is informed and believes and thereon alleges that, based on the allegations as set forth herein, and throughout this complaint, employer knew of the harassing and discriminatory conduct directed at Plaintiff and are responsible for, and liable for, the harassment and hostile work environment created by the harassment and discrimination done to Plaintiff, based on Plaintiff's protected class as stated within Plaintiff's charge of discrimination filed pre-suit with the Equal Employment Opportunity Commission.

27. As a direct and proximate result of Defendant's unlawful harassment of Plaintiff, and the creation of a hostile work environment, as alleged herein, Plaintiff has suffered loss of income, and has experienced stress and severe emotional distress, thus entitling Plaintiff to damages in

an amount to be proven at the time of trial in this matter. Plaintiff is further informed and believes and thereon alleges that the conduct of Defendant was severe and pervasive.

28. As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

29. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

30. Plaintiff was discriminated by her employer Wal-Mart Associates, Inc. through multiple supervisors because of her national origin (Colombian) and/or race (Hispanic).

31. The discrimination Plaintiff was subject to includes, but is not limited to the following: Plaintiff a Hispanic worked for Wal-Mart Associates, Inc. from on or about September 20, 2016 until on or about January 28, 2021 as a cashier.

32. Plaintiff was fired by Madeline Greer who is the team leader and a non-Hispanic. Plaintiff was allegedly fired because of "absence points," but this reason is pretextual, because some of these hours were covered.

33. Plaintiff was fired because Defendant's agent(s) have discriminatory animus/problems with persons of the protective class Hispanic, and Plaintiff is Hispanic. Madeline Greer is White American, and I am Colombian.

34. The white Americans who work at this location do whatever they want, they were never in their job place as required, and yet they are not subject to the same treatment as Plaintiff and other Hispanic employees.

35. Plaintiff was always discriminatorily and in retaliation harassed by Madeline Greer. Plaintiff and other Hispanics would be unduly and strictly monitored of their work time whereas she such discriminatory scrutiny was not done to non-Hispanic and non-Colombian employees. The Hispanics were required to clean the shopping karts outside while, contrarily, the white Americans were not required to do this.

36. Throughout Plaintiff's employment, Plaintiff never received any complaints about her work performance and Plaintiff was able to perform her duties at or above satisfactory levels. Any reason proffered by defendant employer, if any, for the adverse employment action is mere pretext for unlawful discrimination due to Plaintiff's national origin.

## COUNT I.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

37. The foregoing facts are incorporated herein.

38. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations, or national origin based reasons.

39. The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

40. The Plaintiff was subjected to disparate treatment in the work place, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category.

41. Defendant discriminated against Plaintiff on the basis of her ethnicity and national origin, by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretexual reasons.

42. Similarly-situated employees in all relevant respects, outside of the Plaintiff's protected category, were treated more favorably than the Plaintiff.

43. Similarly-situated employees outside of Plaintiff's protected class, with substantially similar experience, credentials, job duties, and qualifications were treated to different and better terms and conditions of employment than Plaintiff.

44. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

45. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

46. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

47. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and Plaintiff has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

E. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

F. Plaintiff demands a trial by jury.

## COUNT II.

## FAILURE TO PREVENT WORKPLACE DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

48. The foregoing facts are incorporated herein.

49. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

50. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

51. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent

the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

52. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

        A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

        B. Award Plaintiff as to this count prejudgment interest; and

        C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

        D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

        E. Plaintiff demands a trial by jury.

        F. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

## COUNT III.

## RETALIATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

53. The foregoing facts are incorporated herein.

54. The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act. The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

55. Plaintiff engaged in protected activity under the Act by complaining to Defendant about the disparate treatment to which Plaintiff was subjected to and by speaking out against Defendant's failure to hold its own employees accountable for their discriminatory conduct that violates the FCRA.

56. Plaintiff's complaints to management clearly indicated to management that Plaintiff was discriminated against due to Plaintiff's membership in a protected group.

57. Plaintiff opposed, protested, and/or complained of discrimination or any unlawful conduct.

58. The FCRA's opposition clause protects employees, such as Plaintiff, who have opposed unlawful employment practices as detailed herein.

59. Upon information and belief, Defendant was aware of Plaintiff's protected activities.

60. Upon information and belief, Defendant retaliated against Plaintiff for engaging in these protected activities.

61. Defendant's actions have directly and proximately caused Plaintiff loss of income and other financial benefits, and have caused Plaintiff severe emotional distress, pain and suffering, embarrassment, humiliation, indignity, and damage to Plaintiff professional reputation.

62. Upon information and belief, Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

      A.  Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

      B.  Award Plaintiff as to this count prejudgment interest; and

      C.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

      D.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Florida Law.

      E.  Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

      F.  Plaintiff demands a trial by jury.

Dated this 12th day of April, 2022

                        Respectfully submitted,

                        **REMER & GEORGES-PIERRE, PLLC**
                        COURTHOUSE TOWER
                        44 West Flagler Street, Suite 2200
                        Miami, Florida 33130
                        Tel.  (305) 416-5000
                        E-Mail: agp@rgpattorneys.com

                        By: *Anthony M. Georges-Pierre*
                        Anthony M. Georges-Pierre, Esq.
                        Florida Bar Number: 0533637