UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MILANYELA GIL,**

      Plaintiff,

v.                                           Case No: 6:22-cv-992-RBD-EJK

**WAL-MART ASSOCIATES, INC.,**

      Defendant.

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss ("the Motion"), filed March 29, 2023. (Doc. 45.) *Pro se* Plaintiff did not respond to the Motion. After the time to respond had passed, the undersigned set a Show Cause hearing for May 25, 2023. (Doc. 48.) Plaintiff did not appear at the hearing. Upon consideration, I respectfully recommend that the Motion be granted.

**I.     BACKGROUND**

On June 3, 2023, Defendant removed this case, which alleges national origin discrimination, workplace discrimination and harassment, and retaliation in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760. (Doc. 1 at 1.) Plaintiff was initially represented by three attorneys, whom the undersigned later permitted to withdraw from their representation on November 14, 2022. (Doc. 36.) In the order permitting withdrawal, the undersigned informed Plaintiff of her responsibilities as a *pro se* litigant. (*Id.*)

On January 26, 2023, Defendant filed a Motion to Compel Plaintiff's Overdue Discovery Responses. (Doc. 37.) Plaintiff did not respond to the Motion to Compel, so on February 14, 2023, the undersigned granted that Motion as unopposed and ordered Plaintiff to produce the responsive discovery on or before February 28, 2023. (Doc. 42.)

Plaintiff did not comply with the Court's Order, so Defendant filed the instant Motion to Dismiss. (Doc. 45.) Therein, Defendant states that Plaintiff failed to produce any discovery responses. (*Id.*) As a result, Defendant requests that the Court dismiss Plaintiff's lawsuit against Defendant with prejudice. (*Id.* at 3.)

## II.   STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey a court's order to provide discovery, the court may enter orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Thus, Rule 37 allows for the imposition of sanctions against litigants for failure to comply with discovery orders, including

dismissal of the action. *Id.*; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

Defendant requests that Plaintiff's case be dismissed with prejudice for Plaintiff's failure to comply with the Court's discovery order. The undersigned finds that Plaintiff failed to comply with this Court's February 15, 2023 Order granting Plaintiff's Motion to Compel. (Docs. 37, 42.) "If a pro se litigant ignores a discovery order, [she] is and should be subject to sanctions like any other litigant." *Moon*, 863 F.2d at 837. Moreover, the undersigned provided Plaintiff with an additional opportunity to be heard on this matter at a Show Cause hearing. (Doc. 48.) However, Plaintiff did not attend.[1]

In short, Plaintiff has had multiple opportunities to prosecute this case, but has failed to do so, despite the Court's orders and warnings. Because Plaintiff has made no attempt to comply with the undersigned's Order, engage in discovery with Defendant, or attend the hearing, the undersigned respectfully recommends that the Court dismiss Plaintiff's case. *Moon*, 853 F.2d at 839 (finding district court did not abuse its discretion in dismissing a case brought by a *pro se* litigant where he did not comply with prior court orders).

---

[1] In the May 12, 2023 Order to Show Cause, the undersigned cautioned Plaintiff that failure to appear in person at the hearing set for May 25, 2023, would result in the undersigned recommending that the Court dismiss her case. (Doc. 48 at 2.)

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss (Doc. 45) and **DISMISS** Plaintiff's Complaint (Doc. 1) **WITH PREJUDICE**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 30, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE